## Bridge's Estate.

Argued April 12, 1940. 

 Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ. 

*John W. Conrad,* for appellant.

*Raymond E. Brown,* with him *Matthew A. Crawford,* for appellee.

PER CURIAM, April 29, 1940:

We can see no essential difference between this case and *Churchill's Estate,* 260 Pa. 94, 100-101, 103 A. 533. The proviso to section 2 of the Wills Act of June 7, 1917, P. L. 403, "That the presence of dispositive or testamentary words or directions, or the appointment of an executor, or the like, after the signature to a will, whether written before or after the execution thereof, shall not invalidate that which precedes the signature," does not affect this case, for just as in *Churchill's Estate,* supra, the point involved is whether the will was signed at the *end* thereof.

In precisely similar circumstances, except that in the Churchill case, the printed form of will was filled out

by the testator himself, while here it was filled out by another, the Supreme Court held that the will had not been signed by the testator at the end thereof.

We feel constrained to follow that decision.

The decree is reversed at the costs of the appellee, and it is ordered that the letters testamentary be revoked and the probate vacated.